```
JAMES E. KEENER, PRO SE
40485 Murrieta Hot Springs #402
Murrieta, CA 92563
Telephone:   (951) 239-6897
```



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. KEENER,<br><br>    Plaintiff,<br><br>v.<br><br>MEDIA BREAKAWAY, LLC d/b/a AFFILATE.COM, DYNAMIC DOLPHIN, INC, STEVEN RICHTER, SCOTT RICHTER, CAROL RICHTER, and DOES 1-100,<br><br>    Defendants. | Case No. EDCV 11-01194 VAP (SPx)<br><br>**NOTICE OF *EX PARTE* APPLICATION AND APPLICATION FOR TRO; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   Subject to Standing Order<br>Time:<br>Dept:<br>Judge: Hon. Virginia A. Phillips |

**TO ALL PARTIES AND COUNSEL:**

YOU ARE HEREBY NOTIFIED THAT *EX PARTE* AND WITHOUT FURTHER NOTICE Plaintiff, James E. Keener, will apply to the Court for an Order issuing a Temporary Restraining Order barring defendants Media Breakaway, LLC, Dynamic Dolphin, Inc, Steven Richter, Scott Richter, Carol Richter, DOES 1-100, and any officers, agents, servants, employees, and all those acting in concert or participation with defendants from further evidence spoliation, including but not limited to IP addresses, domain name(s), website(s), email address(es), other or any

other information related to the subject matter of this litigation and the following domains[1]:

members only online.com, panificio-europan.com, moarboarwantsmore.com, superclickaway.com, romney08decals.com, clickherecat.com, theyoucan.com, pepa2702.com, hawaiivacationfantasy.com, nikkeihy.com, bigclicktraffic.com, allthingsyou.com, vegetablegardeningbytime.info, actionbodymania.info, thingstheyneed.com, excellentcomicreliefguide.com, storeonlinedirect.com, theywantit.com, rentetarievensparen.com, shredderdinosaurteeth.com, healthysleepangels.info, clickherecat.com, chakramotors.com, gardenbyannaterm.info, inhomeinternet.com, starhostingstation.com, performancegatherer.com, gotoworldmall.com, inhousesite.com, thefabolousworld.com, netbuyit.com, fantasticbookdeals.com, greatfabolous.com, giftsand.com, membersselectnow.com, membersalertsite.com, thefabolous.com, yourmembersonly.com, netbuyit.com, bestclicksite.com, supergoldmembers.com, greatclickaway.com, clickboardmembers.com, thememberslink.com, yourmembersonly.com, shredderdinosaurbone.com, clickhotelonline.com, yourfantasticbenefit.com, greatoutrageous.com, yourfantasticbenefit.com, themembersfirst.com, giantmembersarea.com, ourfantasticbenefit.com, clickmoretraffic.com, clickherepet.com, clickherefly.com, bestclickfree.com, and grandplausible.com.

    This motion is made on the grounds that immediate and irreparable injury to Keener due to evidence spoliation has resulted and will continue unless the activities described above are enjoined pending trial of this action, and will be based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and declarations attached hereto.

//

---

[1] Keener has received UCEs from each of these domains which are managed, controlled, hosted by, or registered by defendants.

1  Pursuant to Local Rule 7-19, defendants are hereby notified any opposition shall
2  be filed not later that twenty-four hours following service.

5  DATED:     August 5, 2011.

_____
James E. Keener, Pro Se

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND

Keener filed the Complaint herein on July 28, 2011, alleging defendants have engaged and are engaging in sending unsolicited commercial email messages ["UCEs"]- commonly referred to as "spam"- to Keener. These emails contain misleading and deceptive advertising, false header information, and deceptive subject lines; in violation of CAN-SPAM Act (15 U.S.C. 7701 *et seq.*), Lanham Act (15 U.S.C. §1125 *et seq.*), CA Anti-Spam Law (Cal. Bus. & Prof. Code § 17529.5), CA False Advertusing Law (Cal. Bus. & Prof. Code § 17500 *et seq.*), Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*), and CA Consumer Legal Remedies Act (Cal. Bus. & Prof. Code § 1750 *et seq.*).

## STATEMENT OF FACTS

Keener caused the Complaint to be served upon defendants Media Breakaway, LLC ["Media Breakaway"] and Dynamic Dolphin, Inc. ["Dynamic Dolphin"] on or about August 2, 2011.

On August 2, 2011, defendant Steve Richter ["Steve"], a California licensed attorney (SB # 171205), called Keener and acknowledged receipt of the complaint in Colorado on behalf of Media Breakaway, Dynamic Dolphin, Scott Richter, Carol Richter, and himself. Steve expressed a desire to settle this matter without litigation.

During the subsequent settlement discussions, Steve asked Keener to forward examples of the UCEs to him so he could conduct an investigation to determine their origin. In an effort to resolve the matter without the need for litigation, Keener forwarded two of the UCEs he had received to Steve. Steve concluded the UCEs did not originate or otherwise involve defendants and therefore Keener's claims were frivolous.

On August 4, 2011, in the midst of settlement negotiations, Keener requested Ray Dietrich ["Dietrich"], an Internet fraud investigator, to conduct an investigation

into the source(s) of the UCEs Keener had received. During his preliminary investigation, Dietrich discovered the images contained in the two UCEs that had been forwarded to Steve had been deleted remotely and the hyperlinks[2] had been disabled as well; in effect, destroying any evidence of the fraudulent nature of the UCEs and associated deceptive websites. *See* Dietrich Dec. ***

After discovering the apparent evidence spoliation with the two UCEs Keener had forwarded to Steve, Keener searched the UCEs which were outlined in the Complaint. *See* Complaint 10:4-15:18. Like the UCE's forwarded to Steve, the images in the UCEs outlined in the Complaint had been deleted remotely and the hyperlinks disabled. *See* Keener Dec. ***.

Because each of the UCEs that had been tampered with were sent from domain names owned, maintained, hosted by, or otherwise controlled by defendants, they are the only ones whom could have altered the them.

To ensure it was not mere coincidence that the UCEs forwarded to Steve and those contained in the Complaint were tampered with, Keener searched several other UCEs which were not divulged to Steve or contained in the Complaint and found the images were intact and so were the hyperlinks. *See* Keener Dec. ***

Based on the foregoing, unless an Order enjoining defendants from further evidence spoliation is issued, Keener will continue to suffer irreparable harm.

## DUTY TO PRESERVE

Defendants are "under a duty to preserve evidence which [they] kn[ew] or reasonably should [have known was] relevant to the action." *Nursing Home Pension Fund v. Oracle* Corp., 2008 WL 4093497 quoting *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1071 (N.D. Cal. 2006).

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d

---

[2] A hyperlink in an email takes the user to a website when clicked.

1 | Cir. 1999); see generally *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). In this case, defendants were placed on notice of the litigation upon being served on August 2, 2011. Additionally, Keener's communications with Steve- including sending him copies of the UCEs- leaves no doubt defendants were (1) on notice of the litigation, and (2) were fully aware of the allegations and subject matter of the litigation.

Any spoliation of evidence after August 2, 2011, would have been done with full knowledge of defendants.

## PRELIMINARY INJUNCTIONS

An injunction is an equitable remedy. "The basis for injunctive relief (preliminary or permanent) in the federal courts has always been *irreparable injury* and the *inadequacy of legal remedies*." *Weinberger v. Romero–Barcelo* (1982) 456 US 305, 312, 102 S.Ct. 1798, 1803 (emphasis and parentheses added); *Stanley v. University of So. Calif.* (9th Cir. 1994) 13 F3d 1313, 1320.

The primary purpose of a preliminary injunction is to preserve the status quo pending a determination of the action on its merits. *Chalk v. United States Dist. Ct. Cent. Dist. of Calif.* (9th Cir. 1988) 840 F2d 701, 704; *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.* (6th Cir. 1997) 119 F3d 393, 400.

An injunction never issues as a matter of course: "In each case, a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. Although particular regard should be given to the public interest ... a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law." *Amoco Production Co. v. Village of Gambell, Alaska* (1987) 480 US 531, 542, 107 S.Ct. 1396, 1402 (emphasis added); *Dogloo, Inc. v. Doskocil Mfg. Co., Inc.* (CD CA 1995) 893 F.Supp. 911, 917 (citing text).

However, Congress may intervene and guide or control exercise of the court's discretion on a lesser showing. Thus, the requirements of "irreparable injury" and

"inadequate legal remedies" need not be satisfied to enjoin violation of a statute that specifically provides for injunctive relief. *Tennessee Valley Authority v. Hill* (1978) 437 US 153, 194, 98 S.Ct. 2279, 2301—Endangered Species Act authorizes injunctive relief to protect endangered species without balancing equities; *E.E.O.C. v. Cosmair, Inc., L'Oreal Hair Care Div.* (5th Cir. 1987) 821 F2d 1085; *United States v. Estate Preservation Services* (9th Cir. 2000) 202 F3d 1093, 1098—traditional requirements for equitable relief not necessary because 26 USC § 7408 expressly authorized issuance of injunction.

In this matter, Keener has brought claims under CAN-SPAM Act (15 U.S.C. 7701 *et seq.*), Lanham Act (15 U.S.C. §1125 *et seq.*), CA Anti-Spam Law (Cal. Bus. & Prof. Code § 17529.5), CA False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*), Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*), and CA Consumer Legal Remedies Act (Cal. Bus. & Prof. Code § 1750 *et seq.*).

Although 15 U.S.C. 7701 and 15 U.S.C. §1125 provide for a limited private right of action, Keener seeks redress under Cal. Bus. & Prof. Code §§ 17500 and 17200 which explicitly authorizes injunctive relief. Likewise, Cal. Bus. & Prof. Code § 1750 explicitly authorizes injunctive relief.

Absent statutory standards, in order for the moving party to obtain injunctive relief, the party must establish:

(1) A likelihood of success on the merits;

(2) A likelihood of irreparable harm to plaintiffs in the absence of preliminary relief;

(3) The balance of equities tips in plaintiffs' favor; and

(4) An injunction is in the public interest.

### Likelihood of Success on the Merits:

Under any formulation, to obtain a preliminary injunction, plaintiff must show that it is "likely" to prevail on the merits. *Ashcroft v. American Civil Liberties Union* (2004) 542 US 656, 665, 124 S.Ct. 2783, 2791; *Haitian Refugee Center, Inc. v.*

1  *Christopher* (11th Cir. 1995) 43 F3d 1431, 1432; *Ross-Simons of Warwick, Inc. v.*
2  *Baccarat, Inc.* (1st Cir. 1996) 102 F3d 12, 16.
3     This means plaintiff must demonstrate a likelihood of prevailing on any
4  affirmative defense as well as on plaintiff's case in chief. *National Steel Car, Ltd. v.*
5  *Canadian Pac. Ry.* (Fed. Cir. 2004) 357 F3d 1319, 1325; *A & M Records, Inc. v.*
6  *Napster, Inc.* (9th Cir. 2001) 239 F3d 1004, 1015.
7     Plaintiffs need not show positively they will prevail on the merits. A reasonable
8  probability of success, not an overwhelming likelihood, is all that need be shown for
9  preliminary injunctive relief. *Gilder v. PGA Tour, Inc.* (9th Cir. 1991) 936 F2d 417,
10 422; *Atchison, Topeka & Santa Fe Railway Co. v. Lennen* (10th Cir. 1981) 640 F2d
11 255, 261.
12    According to some courts, a "likelihood of success" exists if the party seeking
13 the injunctive relief shows that it has a better than negligible chance of succeeding
14 on the merits. *Washington v. Indiana High School Athletic Ass'n, Inc.* (7th Cir.
15 1999) 181 F3d 840, 846.
16    Keener's Complaint alleges defendants, individually and acting in concert
17 with each other and others, sent Keener UCEs which contained or were
18 accompanied by misleading and materially false header information, deceptive
19 subject lines, and contained deceptive and false advertising; i.e. claiming Keener
20 had won free items such as gift cards and memberships when, in fact, Keener was
21 required to make purchases, apply for credit or loans, or participate in complicated
22 marketing schemes for the purportedly free items.
23    Based on the examples contained in the Complaint, it is clear Keener is likely
24 to prevail on the merits. There is no affirmative defense to justify sending false,
25 deceptive, and misleading UCEs.
26              **Likelihood of Irreparable Harm:**
27    Irreparable harm is presumed where defendants engage in acts or practices
28 prohibited by a statute that provides for injunctive relief. *Silver Sage Partners, Ltd.*

1  *v. City of Desert Hot Springs* (9th Cir. 2001) 251 F3d 814, 827; *Gresham v.*
2  *Windrush Partners, Ltd.* (11th Cir. 1984) 730 F2d 1417, 1423.

3      As discussed previously, Keener's claims explicitly authorize injunctive relief.
4  Otherwise, "Plaintiff must demonstrate potential harm which cannot be redressed by
5  a legal or equitable remedy following trial." *Campbell Soup Co. v. ConAgra, Inc.*
6  (3rd Cir. 1992) 977 F2d 86, 91.

7      When plaintiff suffers "substantial injury that is not accurately measurable or
8  adequately compensable by money damages, irreparable harm is a natural sequel."
9  *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.* (1st Cir. 1996) 102 F3d 12, 18.

10     The legal remedy (damages) need not be wholly ineffectual. Rather, it must be
11 "seriously deficient as compared to the harm suffered." *FoodComm Int'l v. Barry*
12 (7th Cir. 2003) 328 F3d 300, 304.

13     In this matter, should Keener prevail, any monetary award or Order for injunctive
14 relief post-trial cannot prevent defendants from destroying evidence presently.

15                    **Balance of Equities:**

16     Before a preliminary injunction may issue, the court must identify the harm a
17 preliminary injunction might cause the defendant and weigh it against plaintiff's
18 threatened injury. "The real issue in this regard is the degree of harm that will be
19 suffered by the plaintiff or the defendant if the injunction is improperly granted or
20 denied." *Scotts Co. v. United Industries Corp.* (4th Cir. 2002) 315 F3d 264, 284
21 (emphasis in original); see *Winter v. Natural Resources Defense Council, Inc.*
22 (2008) US, 129 S.Ct. 365, 376.

23     Where the harm likely to be suffered by defendant substantially outweighs any
24 injury threatened by defendant's conduct, plaintiff must make a stronger showing of
25 likely success on the merits. *MacDonald v. Chicago Park Dist.* (7th Cir. 1997) 132
26 F3d 355, 357; *Coffee Dan's, Inc. v. Coffee Don's Charcoal Broiler* (ND CA 1969)
27 305 F.Supp. 1210, 1216.

28     Conversely, "[a] plaintiff who does not have a very high probability of ultimately

1  prevailing will be entitled to preliminary relief if he faces very great irreparable
2  harm and the defendant very little." *Ayres v. City of Chicago* (7th Cir. 1997) 125
3  F3d 1010, 1013.
4      In this matter, Keener has suffered and will continue to suffer irreparable harm
5  from defendants' systematic destruction of evidence unless injunctive relief is
6  granted. Conversely, defendants will suffer little to no harm as a result of being
7  enjoined from further activities which destroys evidence.

### Public Interest:

    In exercising their sound discretion, courts of equity "[p]ay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter v. Natural Resources Defense Council, Inc.* (2008) US, 129 S.Ct. 365, 376–377. The public interest inquiry primarily addresses impact on nonparties rather than parties. *Sammartano v. First Judicial Dist. Ct., in & for County of Carson City*, supra, 303 F3d at 974. *Winter v. Natural Resources Defense Council, Inc.* (2008) US, 129 S.Ct. 365, 374; *Amoco Prod. Co. v. Village of Gambell, Alaska* (1987) 480 US 531, 542, 107 S.Ct. 1396, 1402.

    In this matter, the public can only benefit if defendants are enjoined. Any conceivable impact would be that of consumers not being subject to bombardment by defendant's UCEs.

### SECURITY BOND

    Except for the United States, no party may be granted a preliminary injunction without first posting security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c) (emphasis added).

    Despite the apparently absolute language of the Rule, the court may have power to excuse a bond, treating Rule 65(c)'s language "in an amount that the court considers proper" as making the bond requirement entirely discretionary, allowing the court to waive the bond requirement in any case. *Kaepa, Inc. v. Achilles Corp.*

EX PARTE APPLICATION FOR TRO

(5th Cir. 1996) 76 F3d 624, 628; *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, LLC* (11th Cir. 2005) 425 F3d 964, 971.

A bond has been dispensed with entirely (or only a nominal bond required) where the court determined there was no realistic likelihood of harm to defendant from enjoining its conduct. *Jorgensen v. Cassiday* (9th Cir. 2003) 320 F3d 906, 919; *Doctor's Assocs., Inc. v. Stuart* (2nd Cir. 1996) 85 F3d 975, 985; *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.* (4th Cir. 1999) 174 F3d 411, 421, fn. 3.

When the balance of the potential hardships each party will suffer as a result of a preliminary injunction "weighs overwhelmingly in favor of the party seeking the injunction," a district court may waive the bond requirement. *Elliott v. Kiesewetter* (3rd Cir. 1996) 98 F3d 47, 60.

In this matter, there is no realistic likelihood of harm to defendants from enjoining them from unlawful acts, to wit, evidence spoliation; and the hardship weighs overwhelmingly in favor of plaintiff. Therefore, Keener requests the Court forego any bond requirement or in the alternative, require only a nominal bond.

## DEFENDANT'S PROPENSITY

Defendants are not strangers to dishonestly. In fact, defendant Scott Richter, the self-avowed "Spam King," is a convicted felon for theft related charges.[3] Defendants were also responsible for stealing IP addresses and sending UCEs from the stolen IP addresses to avoid detection.[4]

Additionally, defendants have been the subject of several mutli-million dollar judgements and settlements for the very same activities Keener alleges in the Complaint.[5] As part of the judgments and settlement, defendants are <u>already</u> enjoined from the very same activities Keener alleges.

---

[3] Adams County Colorado- 2002CR1095
[4] *The Washington Post*- April 28, 2008.
[5] *Attorney General of New York v. Richter*- (2003) NY
*MySpace Inc v. Media Breakaway & Richter et al*- (2007) USCD CA 2:07-cv-00496
*Microsoft Corp Inc v. Richter*- (2007) USDC WA 2:04-cv-00116
*Facebook, Inc. v. Richter*- (2010) USDC CA 5:10-cv-04710

## CONCLUSION

Based on the foregoing, Keener prays for a Temporary Restraining Order enjoining defendants from further evidence spoliation, and a waiver of bond.

DATED:    August 5, 2011

_____
James E. Keener , Pro Se