MORGAN, LEWIS & BOCKIUS LLP
DAVID L. SCHRADER, State Bar No. 149638
dschrader@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   213.612.2500
Fax:  213.612.2501

Attorneys for Defendant
MEDIA BREAKAWAY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. KEENER,<br><br>          Plaintiff,<br><br>vs.<br><br>MEDIA BREAKAWAY, LLC, et al.,<br><br>          Defendants. | Case No. CV 11-01194-VAP (SPx)<br><br>**DEFENDANT MEDIA BREAKAWAY, LLC'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION AND APPLICATION FOR TRO**<br><br>[Declaration of Carol Richter; Declaration of Jenny Johnson; and [Proposed] Order Denying *Ex Parte* Application filed concurrently herewith]<br><br>Judge: Hon. Virginia A. Phillips<br>Crtrm.: 2 |

## I. INTRODUCTION

Plaintiff James E. Keener's ("Plaintiff") *Ex Parte* Application for a temporary restraining order ("TRO") consists of little more than conclusory and speculative allegations that have no basis in fact. On these dubious grounds, Plaintiff asks that the Court take the extraordinary action of enjoining Defendant Media Breakaway, LLC ("Media Breakaway") from disabling hyperlinks (not "evidence spoliation" as Plaintiff mischaracterizes it). The Court should deny the Application for numerous reasons.

*First*, this Court cannot grant the relief Plaintiff seeks, because the Court has no subject matter jurisdiction in this case. There is no ground for diversity jurisdiction because Plaintiff and at least one defendant, Defendant Carol Richter, are both citizens of California. There is no federal question jurisdiction, because contrary to the caption of Plaintiff's Complaint, Plaintiff does not allege any claim under federal law. Moreover, federal law is not a necessary element of any of Plaintiff's state law claims.

*Second*, even if the Court can properly exercise subject matter jurisdiction in this case, Plaintiff falls markedly short of satisfying the elements required for the drastic provisional remedy he seeks. Specifically, Plaintiff fails to show, with any competent evidence, that (1) he will suffer immediate and irreparable harm; (2) he is likely to succeed on the merits; and (3) that the harm he will suffer if the Application is denied outweighs the harm that Media Breakaway will suffer if the Application is granted. Further, Plaintiff provides no evidence that Media Breakaway has actually destroyed any evidence at all. In fact, the activity described in Plaintiff's Application is not evidence destruction. Preventing Media Breakaway, or affiliates of Media Breakaway, from disabling hyperlinks would deny them the right to terminate relationships with third parties that, for example, have breached their obligations or engaged in improper conduct.

In short, Plaintiff cannot identify *any* viable basis for the extraordinary relief that he seeks. Media Breakaway respectfully requests that the Court deny Plaintiff's *Ex Parte* Application in its entirety.

## II. FACTUAL BACKGROUND

In his Application, Plaintiff claims that Media Breakaway tampered with commercial email messages that Plaintiff received in an effort to destroy evidence. *See, e.g., Ex Parte* Application ("Appl."), at 4:27-5:19. Specifically, Plaintiff asserts that Media Breakaway disabled hyperlinks contained within the email messages. *Id.* To the contrary, however, Media Breakaway did *not* disable these hyperlinks. Declaration of Jenny Johnson ("Johnson Decl."), ¶ 3. An affiliate of Media Breakaway disabled the hyperlinks for business purposes unrelated to this lawsuit *prior* to the filing of Plaintiff's Complaint. *Id.*, ¶¶ 3-4. Moreover, the affiliate took such action without being directed to do so by Media Breakaway. *Id.*, ¶ 4.

Although Media Breakaway did not disable the hyperlinks at issue in the Application, Media Breakaway does occasionally disable hyperlinks for many legitimate business purposes completely unrelated to this litigation. For example, Media Breakaway may terminate hyperlinks to prevent misuse by third parties. *Id.*, ¶ 6. Any hyperlinks that Media Breakaway disables can be restored if necessary. *Id.*, ¶ 5.

## III. ARGUMENT

The *ex parte* relief that Plaintiff requests is unsupported by the applicable law or evidence. As an initial matter, this Court does not have subject matter jurisdiction in this case because there are no grounds for either diversity jurisdiction or federal question jurisdiction. Without subject matter jurisdiction, this Court cannot grant the relief that Plaintiff seeks. Even assuming that the Court has proper jurisdiction, Plaintiff's Application relies solely upon conclusory statements and

speculation, which are patently insufficient to meet Plaintiff's burden. The Application should be denied.

### A. This Court Does Not Have Subject Matter Jurisdiction.

The Court should deny Plaintiff's Application because this Court lacks subject matter jurisdiction in this case. Federal courts are courts of limited jurisdiction, and have subject matter jurisdiction only over matters authorized by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 128 L. Ed. 2d 391, 114 S. Ct. 1673 (1994). The burden of establishing that the federal court has jurisdiction over a civil action rests upon the party asserting jurisdiction. *Id.* at 377.

Here, Plaintiff fails to meet his burden of establishing subject matter jurisdiction because there is no basis for either diversity jurisdiction or federal question jurisdiction. The Court, therefore, should deny Plaintiff's Application.

#### 1. Diversity Jurisdiction Does Not Exist.

A federal district court can properly exercise subject matter jurisdiction over a civil action between "citizens of different States" and in which the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. In order for diversity jurisdiction to exist, all plaintiffs must be of different citizenship than *all* defendants, and thus any instance of common citizenship will preclude jurisdiction. *Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806).

Plaintiff alleges that he is a resident of California. Complaint ("Compl."), ¶ 1. Although Plaintiff asserts that all defendants are citizens of states other than California, Plaintiff is mistaken. Defendant Carol Richter is, in fact, currently a resident of California, and has resided in the state since 1994. Declaration of Carol Richter, ¶ 3. Accordingly, because Plaintiff and Defendant Carol Richter have common citizenship, there is no diversity jurisdiction.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

DEFENDANT MEDIA BREAKAWAY,
LLC'S OPPOSITION TO PLAINTIFF'S EX
PARTE APPLICATION

## 2. Federal Question Jurisdiction Does Not Exist.

A federal district court can properly exercise subject matter jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A state law claim arises under federal law only if the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314, 162 L. Ed. 2d. 257, 125 S. Ct. 2363 (2005). Further, a claim raises a substantial federal question when its resolution *requires* interpretation or application of federal law. *Hendricks v. Dynegy Power Mktg., Inc.*, 160 F. Supp. 2d 1155, 1162 (S.D. Cal. 2001). Accordingly, a claim supported by alternate theories is insufficient for federal question jurisdiction *unless* federal law is essential to *each* of those theories. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810, 100 L. Ed. 2d 811, 108 S. Ct. 2166 (1988); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim"). As a result, where there are several claims in a complaint and alternative state theories exist for each of those claims, there is *no* federal question jurisdiction. *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996).

Plaintiff's Complaint does not include any claims arising purely under federal law. Although Plaintiff's first and second "causes of action" are for purported violations of the CAN-SPAM Act and the Lanham Act, Plaintiff expressly concedes in his Complaint that he lacks standing to bring a private right of action under these federal laws and that he, instead, seeks redress for such violations under California's Unfair Competition Law ("UCL"). Compl., ¶¶ 75, 80.

Plaintiff's UCL claim, in turn, is based *both* on federal law *and* state law. *Id.*, ¶ 101. Courts have consistently found that federal question jurisdiction does not exist where a plaintiff has alleged a UCL claim based on violations of both federal and state law. *See, e.g., Pelloni v. WE: Women's Entm't Network*, 2008 WL 4501845, at *6 (C.D. Cal. Oct. 5, 2008) ("Given the narrow judicial construction of 'substantial federal question' jurisdiction, the mere fact that the UCL claims could be derivative of FLSA or RICO claims does not establish jurisdiction"); *Fleenor v. Cmty. One Fin.*, 2010 WL 2889767, at *2 (E.D. Cal. July 21, 2010) (finding no federal question jurisdiction where UCL claim pled violations of multiple federal and California statutes because the federal violations were not a 'necessary element' of the claim); *Castro v. Providian Nat'l Bank*, 2000 WL 1929366, at *3 (N.D. Cal. Dec. 29, 2000) (finding that even if plaintiffs were basing their UCL claim on violations of federal law in addition to violations of California law, the claim did not depend on a question of federal law because the jury could find a UCL violation without finding violation of federal law). Because federal law is not a necessary element of *any* of Plaintiff's claims, no federal question jurisdiction exists.

Because there are no grounds for subject matter jurisdiction here, the Court has no supplemental jurisdiction over Plaintiff's additional state law claims. *See* 28 U.S.C. § 1367(a). Therefore, the Court has no jurisdiction over any of the claims in Plaintiff's Complaint, and cannot grant the relief Plaintiff seeks in his Application.

### B. Plaintiff Has Failed to Meet His Burden.

Preliminary relief, whether in the form of a TRO or a preliminary injunction, "is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 138 L. Ed. 2d 162, 117 S. Ct. 1865 (1997) (citation omitted). To meet this burden, Plaintiff must produce "substantial proof"

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

DEFENDANT MEDIA BREAKAWAY,
LLC'S OPPOSITION TO PLAINTIFF'S EX
PARTE APPLICATION

supporting each of the elements of an application for a preliminary injunction or TRO. *See id.* The issuance of preliminary injunctions and TROs is governed by the same standard. *Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001). To support his claim for injunctive relief, Plaintiff must show that (1) he is "likely to suffer irreparable harm in the absence of preliminary relief"; (2) he is "likely to succeed on the merits"; (3) the "balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 172 L. Ed. 2d 249, 129 S. Ct. 365 (2008).

Plaintiff cannot meet his burden because he fails to provide substantial proof that makes a clear showing of all four elements that are necessary for injunctive relief. Accordingly, the Court should deny Plaintiff's Application.

### 1. Plaintiff Provides No Evidence of the Likelihood That He Will Prevail on the Merits.

Plaintiff utterly fails to meet his burden of demonstrating that he is likely to succeed on the merits. Plaintiff makes no attempt whatsoever to provide *any* evidence showing that he will likely prevail on the merits and, instead, summarily reiterates the claims alleged in his Complaint. Appl., at 8:16-22. Nowhere does Plaintiff analyze or provide evidentiary support for the validity and strength of his claims. Furthermore, as discussed above, this Court lacks subject matter jurisdiction in this action. For that reason alone, it is unlikely that Plaintiff will prevail on the merits. Plaintiff, therefore, falls fatally short of making the requisite "clear showing" through "substantial proof" of likelihood of success on the merits. *See Mazurek*, 520 U.S. at 972.

### 2. Plaintiff Fails to Demonstrate Irreparable Injury.

Plaintiff's conclusory allegations are insufficient to support a finding of irreparable injury. This Court may not order injunctive relief where there is a *mere possibility* of irreparable injury – there must be a likelihood of such injury. *Winter*,

1  555 U.S. at 22.  In addition, Plaintiff must do more than simply allege imminent
2  harm; he must also demonstrate "*immediate* threatened injury as a prerequisite to
3  preliminary injunctive relief." *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844
4  F.2d 668, 674 (9th Cir. 1988) (emphasis added).  Plaintiff makes no such showing.

   Here, Plaintiff's conclusory statement that he "has suffered and will continue to suffer irreparable harm from defendants' systematic destruction of evidence," Appl., at 10:4-7, is insufficient to demonstrate that the conduct alleged in the Application has, in fact, injured Plaintiff.  Plaintiff's declaration similarly states, in conclusory fashion, that "Defendants' evidence spoliation has caused and will continue to cause irreparable harm to [Plaintiff]."  Declaration of James E. Keener ("Keener Decl."), ¶ 8.  However, as explained above, Media Breakaway has not engaged in evidence spoliation of any kind.  Johnson Decl., ¶¶ 3-5.  Plaintiff has not shown, and indeed cannot show, that he will suffer any identifiable harm due to Media Breakaway's routine business practice of disabling non-profitable or misused hyperlinks.  Further, even assuming that there is some kind of harm posed by Media Breakaway's conduct, Plaintiff neglects to explain why such harm is likely, irreparable *and* immediate.

   Plaintiff's reliance on *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814 (9th Cir. 2001), and *Gresham v. Windrush Partners, Ltd.*, 730 F.2d 1417, 1423 (11th Cir. 1984) is unavailing.  In its analysis in *Silver Sage Partners*, the court noted that "[t]he standard requirements for equitable relief need not be satisfied when an injunction is sought to *prevent the violation of a federal statute which specifically provides for injunctive relief*." *Silver Sage Partners*, 251 F.3d at 827 (emphasis added); *see also Gresham*, 730 F.2d at 1423.  Plaintiff seeks an injunction to prevent the alleged destruction of evidence, not to prevent Media Breakaway from violating any statutes that specifically provide for injunctive relief.  Therefore, Plaintiff must make a showing of irreparable harm, which he fails to do.

### 3. Plaintiff Relies on Misstatements of Fact.

Plaintiff cannot establish irreparable injury because his Application is based on misstatements of fact. Based on the "evidence" of disabled hyperlinks in the emails at issue, Plaintiff jumps to the conclusion that Media Breakaway has destroyed evidence. However, Plaintiff's conclusion is unfounded. Media Breakaway did not disable the hyperlinks in the two emails. Johnson Decl., ¶ 3. An affiliate of Media Breakaway disabled the hyperlinks prior to the filing of Plaintiff's Complaint for reasons unrelated to this litigation. *Id.*, ¶¶ 3-4. Even assuming that Media Breakaway was somehow responsible for the disabling of the hyperlinks, no evidence was destroyed because disabled hyperlinks can be restored. *Id.*, ¶ 5. Therefore, Plaintiff cannot demonstrate based on its misrepresentation of the underlying facts that Media Breakaway has actually engaged in spoliation.

### 4. Media Breakaway Will Be Harmed If Required to Refrain From Disabling Hyperlinks.

Plaintiff fails to demonstrate that the "balance of equities" tips in his favor. In determining whether to issue a preliminary injunction, the court must weigh the "degree of harm that will be suffered by the plaintiff or the defendant if the injunction is *improperly* granted or denied." *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 284 (4th Cir. 2002). Despite Plaintiff's cursory assertion that Media Breakaway will suffer "little to no harm as a result of being enjoined," Appl., at 10:6-7, Media Breakaway will, in fact, suffer substantial harm if it is required to cease its business practice of disabling hyperlinks that are unprofitable or subject to misuse. Johnson Decl., ¶ 6. Plaintiff, on the other hand, has not identified *any* harm he will suffer if the Court does not enjoin Media Breakaway's practice, particularly in light of the fact that any links that Media Breakaway disables can later be restored if necessary. *Id.*, ¶ 5. Therefore, the harm that Media Breakaway will suffer if the Court grants Plaintiff's Application far outweighs the harm, if any, that Plaintiff will suffer if no TRO is issued. The Court should deny Plaintiff's

Application.

### C. The Court Should Strike Portions of Plaintiff's Moving Papers.[1]

#### 1. The Court Should Strike the Declaration of Raymond Dietrich in Its Entirety.

Plaintiff relies on the Declaration of Raymond Deitrich to show that the images in the two emails at issue were deleted and the corresponding webpages were disabled on servers owned by Media Breakaway. *See, e.g.*, Declaration of Raymond Deitrich ("Dietrich Decl."), ¶¶ 10, 12. Federal Rule of Evidence 702 provides that

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness *qualified as an expert by knowledge, skill, training, or education* may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliability to the facts of the case."

(Emphasis added). In his declaration, Raymond Dietrich provides opinions that are supposedly based on his "training and experience in Internet investigations and 'spamming'," Dietrich Decl., ¶ 13, yet provides no foundational details concerning his qualifications as an "expert" in the field nor the methods by which he reached his conclusions. Relying only on the perfunctory statements in the Declaration, it is impossible to determine whether Mr. Deitrich's testimony has a reliable basis. Therefore, the Court should strike the Declaration of Raymond Deitrich in its

---

[1] Media Breakaway also respectfully requests that the Court strike Exhibit B to Plaintiff's Declaration because the exhibit was not properly served with the moving papers.

entirety.[2]

### 2. The Court Should Strike the Portion of Plaintiff's Application Discussing Settlement Efforts.

In the Application, Plaintiff describes facts relating to his settlement discussions with Steve Richter. Appl., at 4:17-26. Evidence concerning efforts to settle or compromise a dispute is generally inadmissible to prove liability. Fed. R. Evid. 408. To the extent that Plaintiff includes information concerning settlement discussions for the purpose of establishing Media Breakaway's liability, such evidence is inadmissible. Thus, the Court should strike the portion of Plaintiff's Application that discusses the parties' settlement negotiations.

## IV. CONCLUSION

For the reasons stated above, Media Breakaway respectfully requests that the Court deny Plaintiff's *Ex Parte* Application.

Dated: August 8, 2011            MORGAN, LEWIS & BOCKIUS LLP

By  /s/
    David L. Schrader
    Attorneys for Defendant
    MEDIA BREAKAWAY, LLC

---

[2] The Declaration of Raymond Dietrich, as well as Plaintiff's Declaration, is made under penalty of perjury under the laws of the State of California and, therefore, does not comply with 28 U.S.C. § 1746.